IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**JREYMARCIUS REASON, #L3806**                                  **PLAINTIFF**

**VERSUS**                                **CIVIL ACTION NO. 3:04cv948WHB-AGN**

**JODY M. MATHENY, et al.**                                    **DEFENDANTS**

<u>MEMORANDUM OPINION</u>

On November 29, 2004, the plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 and requested <u>in</u> <u>forma</u> <u>pauperis</u> status. On December 27, 2004, an order was entered directing the plaintiff to file an amended complaint, within twenty days. The plaintiff was warned in this Court's order of December 27, 2004, that failure to timely comply with the requirements of the order may lead to the dismissal of this lawsuit. Plaintiff failed to comply with this order.

On February 8, 2005, the plaintiff was ordered to show cause in writing, within fifteen days, why this case should not be dismissed for his failure to comply with the December 27, 2004 order. The plaintiff responded and filed a motion for an extension of time which was granted on May 12, 2005. The plaintiff was allowed ten days to fully comply with the order to amend and was warned that his failure to comply would result in the dismissal of this lawsuit. The plaintiff failed to comply with this order.

On June 10, 2005, the plaintiff was once again ordered to show cause in writing, within ten days, why this case should not be dismissed for his failure to comply with the Court's order to amend and the plaintiff was allowed an additional ten days to fully comply with the Court's order. The

plaintiff was warned that his failure to comply would result in the dismissal of this lawsuit without further written notice to the plaintiff. The plaintiff failed to comply with this order.

This Court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the Court has never considered the merits of plaintiff's claims, the Court's order of dismissal should provide that dismissal is without prejudice. Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this memorandum opinion will be entered.

This the 13th day of July, 2005.

                                                  s/William H. Barbour, Jr.
                                                  UNITED STATES DISTRICT JUDGE